# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ARTHUR JEROME WILSON (#540407)    CIVIL ACTION

VERSUS

JAMES M. LeBLANC, ET AL.    NO. 14-0289-SDD-RLB

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 22, 2014.

                                                RICHARD L. BOURGEOIS, JR.
                                                UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ARTHUR JEROME WILSON (#540407)**                                             **CIVIL ACTION**

**VERSUS**

**JAMES M. LeBLANC, ET AL.**                                                              **NO. 14-0289-SDD-RLB**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to correspondence dated May 20, 2014 (R. Doc. 3), the Court directed the plaintiff to re-submit his Complaint in proper form, listing all parties in both the Caption of the Court's Complaint form, "as well as in Part III" thereof. The plaintiff was advised that "all parties must be listed in both places exactly the same," and the Court provided the plaintiff with copies of excerpts from his original Complaint for review. *Id.* The referenced correspondence further advised the plaintiff that "failure to amend the pleadings as indicated will result in the dismissal of your suit by the Court without further notice." *Id.*

Through the filing of an Amended Complaint on June 3, 2014 (R. Doc. 4), the plaintiff attempted to comply with the Court's directive. A review of the Amended Complaint by the Court, however, reflected a continuing disparity between the defendants listed in the Caption of the Complaint and in Part III thereof. In addition, upon the Court's review of the allegations of the Amended Complaint, the Court noted a substantial lack of detail and specificity in the facts alleged. Specifically, whereas the plaintiff apparently complained of an alleged rape occurring in 2012 and of alleged wrongful confinement between September 6 and October 11, 2012 (allegedly for reporting that rape), he also appeared to complain, *inter alia,* of (1) an alleged

failure by prison officials to investigate the referenced rape, to allow a lie detector test or to respond to his complaints regarding that rape, (2) an alleged "write up" related to an incident occurring on May 30, 2013, (3) another alleged "rape reported on June 4, 2013," (4) an alleged inoperable "camera system" in his housing unit between July, 2012, and December, 2013, (5) alleged threats and the alleged falsification of documents and, generally (6) "multiple rape[s]" and sexual assaults by security officers and co-inmates.  The Amended Complaint failed, however, to state where each of the alleged events occurred, failed to identify the wrongdoing of each defendant in connection therewith, failed to identify the administrative grievance number(s) assigned to his complaints filed in connection therewith, and generally failed to provide the dates upon which many of the events complained of allegedly occurred.  The Court further noted in this regard that whereas the plaintiff was then confined at the Dixon Correctional Center in Jackson, Louisiana, he also made reference to events apparently occurring at the Louisiana State Penitentiary in Angola, Louisiana, and at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, and it was not clear where the specific events complained of occurred or where each of the named defendants was allegedly employed.  Accordingly, the Court was unable to determine with a sufficient degree of clarity the factual basis for the plaintiff's claims or the identities of the defendants named in this proceeding.

Based on the foregoing, the Court entered an Order on September 30, 2014 (R. Doc. 5), affording the plaintiff a third opportunity to identify with clarity the defendants named in this proceeding and to set forth with clarity the factual basis for the claims asserted.  To this end, the Court's Order directed the plaintiff, within fourteen (14) days, to submit to the Court (1) a complete numbered list of the persons sought to be named as defendants herein and the institutions where each defendant was employed, (2) a description of each incident complained

of, including the date and location of each such incident and the defendants personally involved in alleged wrongdoing in connection with each such incident, and (3) the number assigned to any administrative grievance(s) submitted by the plaintiff in connection with each such incident. *Id.* The plaintiff was advised that he was authorized to attach to his response any documentation that might serve to corroborate his claims and was further advised that a failure to respond to the Court's Order within the time allowed and provide the information requested could result in the dismissal of this proceeding or the dismissal of certain claims or defendants without further notice from the Court. *Id.*

Despite notice and (several) opportunities to comply, the plaintiff has continued to disregard the Court's directives. Specifically and foremost, he has failed to provide a numbered list of the defendants sought to be named in this proceeding and, as a result, the Court is unable to effectively identify the parties sought to be included herein. Further, whereas the plaintiff has filed voluminous documentation with the Court, totaling almost 300 pages, *see* R. Docs. 7 and 8, the referenced documentation is largely incomprehensible and does little to identify with clarity the factual basis for the claims asserted or the persons allegedly connected with each claim.[1] Accordingly, the Court is effectively unable to proceed with this case, and the plaintiff's Complaint should be dismissed for this reason, without prejudice. In the event that the plaintiff wishes to re-file his Complaint and to assert one of more of the claims asserted herein, the Court encourages him to seek the assistance of an inmate counsel substitute at his place of incarceration so that he is able to present his claims in a comprehensible fashion in compliance with the procedural requirements of the Court.

---

1. The Court further notes that the plaintiff has conspicuously failed to respond or comply with the Court's Order dated September 30, 2014 (R. Doc. 8), which directed him to pay an initial partial filing fee in the amount of $ 0.20.

## RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to correct the deficiencies of which he was notified and failure to comply with the Orders of this Court.

Signed in Baton Rouge, Louisiana, on December 22, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**